**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | |
|---|---|
| In re: : | |
| : | |
| NAKIYA Y. SINGLETARY, : | Case No. 19-2-4306-LS |
| : | Chapter 13 |
| Debtor. : | |
| : | |

**TRUSTEE'S OBJECTION TO DEBTOR'S
CHAPTER 13 PLAN DATED OCTOBER 25, 2019**

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtor's Chapter 13 plan dated October 25, 2019 (the "Plan"). In support of his opposition, the Trustee respectfully represents the following:

1. The Debtor commenced this case under Chapter 13 on October 25, 2019. The Plan proposes to pay $668.00 monthly for 60 months, for a gross funding of $40,080.00.

2. The Debtor's Form 122C reflects that the Debtor has excess monthly income of $1,965.01. The Plan fails to provide that all of the Debtor's projected disposable income will be applied to make payments to unsecured creditors under the Plan. The Plan does not satisfy the requirements of section 1325(b)(1)(B) of the Bankruptcy Code.

3. The Debtor has failed to provide the Domestic Support Obligation Affidavit and bank statements as of the petition date as requested by the Trustee. At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

4. The Debtor must appear at confirmation with a Maryland Driver's License.

5. The Debtor has not provided and/or filed all applicable federal, state, and local tax returns as required by section 1308. Accordingly, the Debtor has not satisfied the requirements of section 1325(a)(9) of the Bankruptcy Code.

6. The Debtor must file with the Court monthly business reports as required by sections 1304(c) and 704(a)(8) of the Bankruptcy Code, and Bankruptcy Rule 2015(a)(3) and (c)(1).

7. Accordingly, the Plan should not be confirmed.

**PLEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED <u>AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING</u>*. AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS. THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING. THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

          Respectfully submitted,

December 26, 2019

/s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)
Chapter 13 Trustee
9891 Broken Land Parkway, #301
Columbia, Maryland 21046
(410) 290-9120

- 3 -

## Certificate of Service

I hereby certify that the following persons are to be served electronically via the CM/ECF system:

David L. Ruben, Esquire

I caused a copy of the pleading above to be sent on December 26, 2019 by first-class U.S. mail, postage prepaid to:

Nakiya Y. Singletary
3802 65th Avenue
Hyattsville, MD  20784

/s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)
